IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGEL EDUARDO RESENDEZ, | § | |
| TDCJ No. 02170386, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-20-CV-260-KC |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Angel Eduardo Resendez challenges Bobby Lumpkin's custody of him through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1. Lumpkin answers Resendez's petition is time barred and he is not entitled to equitable tolling. Resp't's Resp., ECF No. 9. Resendez does not reply. After reviewing the record, the Court agrees with Lumpkin. Resendez's petition is untimely and he does not meet his burden of showing an entitlement to equitable tolling. The Court will accordingly deny Resendez's petition. It will additionally deny Resendez a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Resendez was indicted on one count of aggravated robbery, enhanced by one prior conviction, in cause number 20160D00582 in the 34th Judicial District Court of El Paso County, Texas. Clerk's R. 20160D00582, Indictment, p. 5, ECF No. 5-12. He was found guilty by a jury and sentenced to 19 years' imprisonment on August 31, 2017. *Id*., J. of Conviction (nunc pro tunc), pp. 5–6 ECF No. 5-13. He did not file a notice of appeal. *See* https://search.txcourts.gov/Case.aspx?cn=WR-89,634-02&coa=coscca (last visited Apr. 6, 2021).

Resendez was charged in the 34th Judicial District Court with two additional counts of

aggravated robbery in cause numbers 20160D00578 and 20160D00945, one count of burglary of a habitation in cause number 20160D01124, and one count of credit card abuse in cause number 20160D02022.   Clerk's R. 20160D00578, Indictment, p. 5, ECF No. 5-7; Clerk's R. 20160D00945, Indictment, p. 5, ECF No. 6-7; Clerk's R. 20160D01124, Indictment, p. 5, ECF No. 7-7; Commitment Inquiry (20160D02022), p. 3, ECF No. 8.   He pleaded guilty, pursuant to a plea agreement, to these four charges and true to the enhancements.   Clerk's R. 20160D00578, J. of Conviction, pp. 5–6, ECF No. 5-9; Clerk's R. 20160D00945, J. of Conviction, pp. 6–7, ECF No. 6-9; Clerk's R. 20160D01124, J. of Conviction, pp. 5–6, ECF No. 7-9; Commitment Inquiry (20160D02022), p. 3, ECF No. 8.   He was sentenced to 25 years' imprisonment on each aggravated robbery conviction, ten years' imprisonment on the burglary conviction, and five years' imprisonment on the credit card abuse conviction on November 13, 2017.   Id.   He waived his right to appeal the guilty pleas and did not appeal these convictions.   Clerk's R. 20160D00578, Certification, p. 4, ECF No. 5-9; Clerk's R. 20160D00945, Certification, p. 5, ECF No. 6-9; Clerk's R. 20160D01124, Certification, p. 4, ECF No. 7-9; Pet'r's Pet. 2.   He discharged his five-year sentence for credit card abuse on January 24, 2021.   Commitment Inquiry (20160D02022), p. 3, ECF No. 8.

Resendez filed four state applications for writs of habeas corpus on February 11, 2019.   State Writ Application WR-89,634-02 (20160D00582), pp. 7–30, ECF No. 5-13; State Writ Application WR-89,634-01 (20160D00578), pp. 7–22, ECF No. 5-9; State Writ Application WR-89,634-03 (20160D00945), pp. 7–30, ECF No. 6-9; State Writ Application WR-89,634-04 (20160D01124), pp. 7–20, ECF No. 7-9.   The Texas Court of Criminal Appeals denied WR-89,634-02 without a hearing on April 3, 2019.   Action Taken (WR-89,634-02), ECF No. 5-11.   It denied the remaining three applications without written orders on the findings of the trial

court on June 26, 2019.  Action Taken (WR-89,634-01), ECF No. 5-1; Action Taken (WR-89,634-03), ECF No. 5-11; Action Taken (WR-89,634-04), ECF No. 7-1.

Resendez signed and presumably mailed his federal petition challenging his conviction for aggravated robbery in cause number 20160D00582 on October 6, 2020.  Pet'r's Pet. 12; see United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a pro se prisoner's habeas corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court).  He asserted four broad grounds for federal habeas relief.  Id. at 6–9.  First, he claimed the state trial court improperly commented on the weight of the evidence because the evidence (1) was never checked for his fingerprints or DNA and (2) was returned to the victims within days of his arrest.  Id. at 6.  Second, he averred the state trial court erred when it did not permit Petitioner to confront some of the witnesses against him.  Id.  Third, he maintained his trial counsel provided constitutionally ineffective assistance when he (1) failed to review the case with Petitioner until immediately before jury selection and (2) advised Petitioner to admit to "everything" after his conviction to avoid receiving a 100-year sentence.  Id. at 7–8.  Finally, he argued the state trial court abused its discretion when it (1) allowed his trial to proceed when his arrest warrant was not signed until two hours after his arrest, (2) failed to acknowledge the arrest warrant was issued in El Paso but he was arrested in Socorro, (3) did not note the evidence was given away only days after his arrest, (4) did not require his accusers to testify at his trial, (5) permitted sentencing impact statements from people who had nothing to do with his cases, and (6) allowed the admission of his confession which he made while intoxicated and was never reduced to a writing or recorded on video.  Id. at 7, 9.

**APPLICABLE LAW**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides claims under 28

U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis in original).

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" Id. (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)). However, "'[e]quity is not intended for those who

sleep on their rights.'" Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" Id. at 715 n.14 (quoting Pacheco v. Rice, 966 F.2d 904, 906−07 (5th Cir. 1992)). Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

## ANALYSIS

### A. Statutory Limitations

Although Resendez lists other convictions, he attacks only his 2017 conviction by a jury for aggravated robbery in cause number 20160D00582 in the 34th Judicial District Court in his petition. Pet'r's Pet. 6–9.

As an initial matter, Resendez does not suggest an unconstitutional "State action" prevented him from filing for federal relief before October 6, 2020. 28 U.S.C. § 2244(d)(1)(B); Pet'r's Pet. 12. Further, his claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction became final. Id. § 2244(d)(1)(D). Thus, Resendez's limitations period began to run when his judgment of conviction became final. Id. § 2244(d)(1)(A).

Resendez was sentenced to 19 years' imprisonment in cause number 20160D00582 on August 31, 2017. Clerk's R. 20160D00582, J. of Conviction (nunc pro tunc), pp. 5–6 ECF No. 5-13. He did not appeal. His conviction became final on October 2, 2017, when his direct-review rights expired. Tex. R. App. Proc. 26.2(a) ("The notice of appeal must be filed . . . within 30 days after the day sentence is imposed . . ."). The federal limitations period ended one year later on October 2, 2018. 28 U.S.C. § 2244(d)(1)(A).

Resendez filed a state writ application in cause number 20160D00582 on February 11, 2019. State Writ Application WR-89,634-02 (20160D00582), pp. 7–30, ECF No. 5-13. His "state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not filed until after the period of limitation had expired." Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). His federal petition—filed on October 6, 2020—was submitted two years past AEDPA's statute of limitations deadline—and was untimely as a matter of law. Pet'r's Pet. 12; Patterson, 211 F.3d at 930.

**B.  Equitable Tolling**

Resendez suggests he is entitled to equitable tolling. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Grooms v. Johnson, 208 F.3d 488, 489B90 (5th Cir. 1999) (citing Coleman, 184 F.3d at 402). Nothing in the record suggests the State misled Resendez. Instead, Resendez claims his "attorney neglected [him] and the process of [his] case." Pet'r's Pet. 11. But "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin, 310 F.3d at 849. And a lack of access to state court records also does not present an "exceptional circumstance" which would warrant equitable

6

tolling.  Roughley v. Cockrell, 45 F. App'x 326 (5th Cir. 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records).

Additionally, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief."  Coleman, 184 F.3d at 403.   In this case, Resendez cannot show he diligently pursued his claims as he waited nearly eighteen months after his sentencing on August 31, 2017 to file a state writ application on February 11, 2019.   Clerk's R. 20160D00582, J. of Conviction (nunc pro tunc), pp. 5–6 ECF No. 5-13; State Writ Application WR-89,634-02 (20160D00582), pp. 7–30, ECF No. 5-13.   He then waited an additional eighteen months after the Texas Court of Criminal Appeals denied his state writ application on April 3, 2019 to file his federal petition on October 6, 2020.   Action Taken (WR-89,634-02), ECF No. 5-11; Pet'r's Pet. 12.  "[E]quity is not intended for those who sleep on their rights."  Fisher, 174 F.3d at 713.

The Court finds that Resendez has not met his burden of showing he is entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012).   In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, Resendez's claims are clearly time-barred and he is not entitled to equitable tolling. Thus, reasonable jurists could not debate the denial of Resendez's § 2254 petition for procedural reasons—or find that his issues deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Resendez's petition is time barred, Resendez is not entitled to equitable tolling, and the Court need not address the merits of his claims. The Court further concludes that Resendez is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Resendez's pro se "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 6th day of April, 2021.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE